IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM McNEALY, JR., <br><br> Defendant. | Case No. CR12-2004 <br><br> ORDER FOR PRETRIAL DETENTION |

On the 21st day of February, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Clemens Erdahl.

## I. RELEVANT FACTS AND PROCEEDINGS

On February 7, 2012, Defendant William McNealy, Jr. was charged by Indictment (docket number 2) with two counts of distribution of crack cocaine, with a prior felony drug conviction. At the arraignment on February 16, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 16, 2012.

At the hearing, Special Agent Kelly Meggers of the Iowa Division of Narcotics Enforcement testified regarding the circumstances underlying the instant charge.[1] On October 28, 2009, law enforcement conducted a controlled drug purchase involving a confidential informant ("CI") and Defendant. The CI contacted Defendant and set up a drug purchase at a gas station. The CI went to the gas station. Defendant called the CI and told him "his guy" was coming to conduct the drug transaction. Defendant arrived

---

[1] Special Agent Meggers is assigned to the DEA Drug Task Force.

1

with another individual at the gas station. Defendant exited the vehicle, went into the gas station, and called the CI to tell the CI to purchase the drugs from the individual in the vehicle. The CI went to the car, and purchased crack cocaine from the driver of the vehicle.

On November 9, 2009, the CI set up another drug transaction with Defendant. On this occasion, the CI and Defendant met at a grocery store. The CI got out of his car and went to Defendant's vehicle. The CI got into Defendant's car and purchased crack cocaine from the Defendant. Both of the controlled purchases and the phone calls setting up the drug purchases were recorded. Special Agent Meggers accompanied the CI on both controlled drug purchases.

In June 2011, law enforcement executed a search warrant on Defendant's residence, which he shared with his girlfriend. Law enforcement found marijuana and a loaded .40 caliber handgun. Law enforcement spoke with both Defendant and his girlfriend. Defendant's girlfriend said the handgun belonged to Defendant. According to Defendant's girlfriend, during a domestic dispute one week earlier, Defendant shot the firearm in her direction.

In January 2012, Defendant was involved in a traffic stop. Law enforcement found 3 ounces of fake crack cocaine in Defendant's vehicle. Defendant told law enforcement that he was delivering the fake crack cocaine to another individual.

According to the pretrial services report, Defendant is 38 years old. He is a lifelong resident of Waterloo, Iowa. He currently resides with his parents in Waterloo. Defendant has six siblings, five of whom live in Waterloo. Defendant was recently married in November 2011. He has no children from this marriage, but has seven children from four prior relationships.

Defendant has been unemployed since 2008. Defendant is in good physical health and reports no present or past mental or emotional health concerns. He admitted using marijuana on weekends, with his last use being approximately two weeks before his arrest.

Defendant has undergone substance abuse treatment while incarcerated, in 2006 and 2008. In 2009, he underwent treatment at Pathways Behavioral Services in Waterloo.

Defendant has a substantial criminal record. On December 13, 1991, Defendant was charged and later convicted of conspiracy to commit a felony. On July 24, 1992, Defendant was sentenced to 5 years in prison, which was suspended, and 3 years probation. On May 30, 1995, Defendant's probation was revoked, and he was sentenced to 5 years in prison. He was placed on work release in July 1996, and paroled in November 1996. His sentence was discharged on November 20, 1997. Between July 24, 1992 and May 30, 1995, while on probation, Defendant was arrested at least 16 times for fifth degree theft (three times), driving with a suspended license (ten times), failure to have a valid license, interference with official acts (twice), and possession of cocaine. Additionally, on at least 18 occasions, Defendant failed to appear for court proceedings involved in those arrests, and arrest warrants were issued. At least 14 of those warrants were served on Defendant.

On December 16, 1996, while on parole in the conspiracy to commit a felony charge, Defendant was charged and later convicted of three separate counts of operating a motor vehicle with a suspended license. Defendant was sentenced to 180 days in jail with 150 days suspended, and 2 years probation on each count. On July 11, 1997, while on parole in the conspiracy to commit a felony charge, Defendant was charged and later convicted of driving while barred, habitual offender. Defendant was sentenced to 2 years in prison, which was suspended, and 2 years probation. On June 4, 1998, Defendant was charged and later convicted of assault causing bodily injury. On August 12, 1998, Defendant was sentenced to 1 year in prison. On the same date, Defendant's probation in the 1996 driving with a suspended license charges, and 1997 driving while barred charge was revoked, and he was sent to prison. His sentences were discharged on February 14, 1999.

Between September 24, 1999 and January 7, 2001, Defendant was charged and later convicted of disorderly conduct, driving while barred (three times), driving with a suspended license (three times), interference with official acts, assault, and domestic abuse assault with intent or display of a weapon. On June 7, 2001, while on probation and release on appeal bond for various charges, Defendant was charged and later convicted of voluntary escape. On September 19, 2001, Defendant was sentenced to 120 days in jail. Additionally, his probation was revoked multiple convictions dating back to September 24, 1999. Defendant was released from prison with all of his sentences discharged on or before November 29, 2002.

On August 7, 2003, Defendant was charged and later convicted in two counts with reckless use of a firearm and interference with official acts. On August 28, 2003, Defendant was charged and later convicted of driving while barred, habitual offender.[2] On November 6, 2003, Defendant was charged and later convicted of possession with intent to deliver crack cocaine, failure to affix a tax stamp, and controlled substance violation. In 2004, while on release bond in the November 2003 drug case, Defendant was convicted of interference with official acts, assault, and three separate instances of delivery of cocaine. The cocaine charges were merged with the November 2003 case. On September 10, 2004, Defendant was sentenced to 10 years in prison on the possession with intent to deliver crack cocaine charge, and five years in prison on the failure to affix a tax stamp charge. Defendant was placed on work release on June 25, 2008, paroled on September 5, 2008, and discharged from parole on November 6, 2009.

On June 6, 2011, Defendant was charged with separate counts of intimidation with a dangerous weapon, possession with intent to deliver marijuana while in possession of a firearm, failure to affix a tax stamp, dominion/control of a firearm by a felon (two separate counts, dominion/control of a firearm by a domestic abuse offender (two separate counts),

---

[2] According to Iowa Department of Corrections documents, when Defendant was arrested on this charge, he provided law enforcement with two false names and a false birth date.

domestic abuse assault with intent or display of a weapon, and assault while participating in a felony. The facts surrounding these charges allege that Defendant had an argument with his then-girlfriend (and current wife), where he threw the alleged victim to the ground, held a knife to her throat, and attempted to jab her arm and abdomen with the knife. Defendant also allegedly fired a gun in the woman's direction, and stated that he would "kill her, kill the man, kill himself." Trial is scheduled for March 6, 2012 in state court. On June 21, 2011, Defendant was charged in separate counts with possession with intent to deliver marijuana, failure to affix a tax stamp, and dominion/control of a firearm by a felon. These charges were merged with the June 6, 2011 charges.

On January 18, 2012, Defendant was charged with possession with intent to deliver a simulated controlled substance, possession of a controlled substance, third offense, and failure to affix a tax stamp. These charges remain pending in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

5

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with two counts of distribution of crack cocaine with a prior felony drug conviction. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. Defendant was involved in two separate controlled drug transactions where he facilitated the sale of crack cocaine in the first controlled purchase, and where he sold crack cocaine to the CI in the second controlled purchase. Both controlled purchases were recorded and

surveilled by law enforcement. Additionally, the phone conversations setting up the controlled purchases were also recorded.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Defendant has multiple convictions for violent offenses. He was found in possession of a firearm and allegedly shot the handgun in the direction of his then-girlfriend and current wife during a domestic dispute. Defendant has a record of either failing to comply with, or committing additional offenses while on pretrial supervision, probation, and parole. Defendant has also repeatedly failed to appear for court proceedings in the past. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, the strong evidence against him, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 16, 2012) to the filing of this Ruling (February 22, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 22nd day of February, 2012.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA